IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WENDY MCCLENDON, | : | Case No. 1:14-cv-00619 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER GRANTING IN PART** |
| | : | **DEFENDANTS' MOTION TO STRIKE** |
| HIGHTOWERS PETROLEUM CO., *et al.*, | : | **PLAINTIFF'S ERRATA SHEETS** |
| | : | |
| Defendants. | : | |
| | : | |

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Errata Sheets. (Doc. 53.) Plaintiff has filed a memorandum in opposition (Doc. 55), to which Defendants have replied (Doc. 67). For the reasons that follow, Defendants' Motion will be **GRANTED IN PART**.

I.    **Background**

Plaintiff Wendy McClendon gave sworn deposition testimony in this civil action on July 15, 2015 and on December 14, 2015. (*See* Docs. 51, 52.) Counsel timely requested "signature" (*see* Doc. 52 at PageID 235), meaning the opportunity for Plaintiff to review the transcript and make changes thereto as allowed by Federal Rule of Civil Procedure 30(e). Thereafter, Plaintiff submitted 13 pages of errata sheets containing more than 80 changes. (*See* Doc. 53-2 at PageID 285–98.) By far, the most frequent reason for the changes is that a word (or words) was (or were) "omitted."[1] Other reasons include "did not say," "wrong sentence," "wrong word," and "wrong word order."

---

[1] Indeed, Plaintiff uses this explanation 62 times.

1

Defendants maintain that the changes proposed are an "obvious attempt" by Plaintiff to alter or supplement her deposition testimony, and, as such, are impermissible. (*See* Doc. 53 at PageID 249.) In large part, the Court agrees.

## II.    Law and Analysis

The process by which a deponent may alter her deposition testimony is as follows:

**(e) Review by the Witness; Changes.**

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). Despite reference to "changes in either form or *substance*," the Sixth Circuit takes a "restrictive approach" toward Rule 30(e). *See Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, at \*2 (S.D. Ohio July 21, 2014) (Barrett, J.) (collecting cases). It is "the '[o]ne court of appeals [that] permits a deponent to correct *only* typographic and transcription errors.'" *Walker v. 9912 East Grand River Assocs., LP*, No. 11-12085, 2012 WL 1110005, at \*3 (E.D. Mich. Apr. 3, 2012) (quoting *Devon Energy Corp. v. Westacott*, No. H-09-1689, 2011 WL 1157334, at \*5 (S.D. Tex. Mar. 24, 2011)) (emphasis added).[2]

"'Rule 30(e) does not allow one to alter what was said under oath.'" *Trout v. FirstEnergy Generation Corp.*, 339 Fed. App'x 560, 565 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178, at \*4 (S.D. Ohio Feb. 7, 2008)

---

[2] *Cf. Jermano v. Graco Children's Prods.*, No. 13-cv-10610, 2015 WL 1737548 (E.D. Mich. Apr. 16, 2015). There the district court struck the errata sheets because the deponent did not comply with the express requirement in Rule 30(e)(1)(B) that he state a reason for the changes. *Id.* at \*3. But referencing dicta in a *published* decision, Judge Leitman nonetheless observed that, in his view, "it is *not* crystal clear in this Circuit that a deponent cannot make substantive changes to his deposition testimony under Rule 30(e)." *Id.* at \*2 (emphasis added) (citing *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009)).

(Frost, J.) (internal quotations and citations omitted)). Were that the case, "'one could merely answer the questions with no thought at all[,] then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.'" *Id.*

Plaintiff claims that her changes are not substantive because they, "for the most part, fill[] in the blanks left by the [court] reporter." (Doc. 55 at PageID 306).[3] According to Plaintiff, many of the blanks she corrected were shown as "- -" in the transcript. (*Id.*) In her view, each of these markings represents an instance in which "the court reporter simply didn't hear, understand or transcribe correctly the statements she made." (*Id.* at PageID 303.)

In reply, Defendants submit the Affidavit of Wendy Raymer. (Doc. 68-1.) Ms. Raymer provided the court reporting services during Plaintiff's deposition on both July 15, 2015 and December 14, 2015. (*Id.* ¶¶ 6–10 (at PageID 1269).) She took down all testimony on a stenograph machine and also recorded the testimony using software that attaches an audio sync file to the transcript. (*Id.* ¶¶ 7, 10 (at PageID 1269).) In preparing the transcripts from each of these sessions, Ms. Raymer listened to the audio sync file to ensure that all of Plaintiff's testimony was transcribed accurately and that no testimony was omitted. (*Id.* ¶¶ 8, 11 (at PageID 1269).) On February 15, 2016, at defense counsel's request,[4] she reviewed these transcripts and confirmed that the transcribed testimony accurately corresponded with the audio recordings from those sessions. (*Id.* ¶¶ 12–14 (at PageID 1270).) Ms. Raymer affirms unequivocally that *no* testimony was omitted from the transcripts. (*Id.* ¶ 15 (at PageID 1270).) She further affirms that Plaintiff's errata sheets "incorrectly state" that words or phrases were omitted from the transcript

---

[3] Plaintiff also seeks to distinguish *Mullins*, noting, in that case, the "changes were extensive and narrative in form." (Doc. 55 at PageID 305.) On this point, she is correct. *See Mullins*, 2014 WL 3573498, at *1. Whether the changes are "novel-like" (*id.* at PageID 306), however, is not the absolute measure under *Trout*. Rather, the fundamental inquiry is whether the changes—irrespective of length or amount—alter the substance of the deponent's testimony.
[4] Counsel made this request after Plaintiff submitted her errata sheets. (Doc. 67 at PageID 1258.)

3

or that the transcript contains words that were not actually said or otherwise inconsistent with what actually was said. (*Id.* ¶ 17 (at PageID 1270).) Any dashes appearing in the transcript were inserted by her "to denote a speaker stopping and changing his or her thought midsentence." (*Id.* ¶ 18 (at PageID 1270).)

Ms. Raymer is a veteran court reporter, having actively worked in the profession for the last 26 years. (*Id.* ¶ 1 (at PageID 1268).) She completed a court reporting program at Cuyahoga Community College in Cleveland, Ohio, a program certified by the National Court Reporter Association ("NCRA"). (*Id.* at ¶¶ 2, 3 (at PageID 1268).) She is certified as both a "Registered Professional Reporter" ("RPR") and a "Certified Realtime Reporter" ("CRR") by the NCRA.[5] (*Id.* ¶ 4 (at PageID 1268).) Ms. Raymer acknowledges her duty to record and transcribe testimony accurately (*id.* ¶ 5 (at PageID 1268)), and this Court has no reason to believe she did not do so in this instance, as she has explicitly testified (*id.* ¶¶ 15, 19 (at PageID 1270)). To rule otherwise—under these circumstances—would undermine the integrity of the court reporting service upon which the bar and the bench depend.

All changes in which Plaintiff seeks to substitute words for the marking "- -"are therefore stricken.[6] Applying *Trout* to those remaining, only the following three alterations will be allowed as either typographical or transcription errors:

> Page No.  55, Line  7:  Change "that's" to "that it's"
> Page No. 174, Line 11:  Change "Todd" to "Thom"
> Page No. 176, Line 23:  Change "The" to "Their"

(*See* Doc. 53-2 at PageID 287 and 298, respectively.)

---

[5] The NCRA has administered its RPR certification program since 1937. To earn the CRR designation, a reporter must demonstrate a proficiency of at least 96% accuracy. *See 2016 NCRA Sourcebook*, NCRA Certifications and Certificates, 76 J. Ct. Rep. iss. 10 at 10.

[6] The Court presumes that Plaintiff meant to indicate *two* changes to Line 5 on Page No. 102 inasmuch as no "- -" appears on Line 6. The Court also presumes that Plaintiff meant to indicate a change to Line 21 (versus 24) on Page No. 124, to Line 15 to Page No. 135 (versus 136), and to Line 12 (versus 13) on Page No. 153 for the same reason. (*See* Doc. 53-2 at PageID 289, 291, 292 and 294, respectively.)

### III.    Conclusion

Defendants' Motion to Strike Plaintiff's Errata Sheets (Doc. 53) is **GRANTED IN**

**PART.** All changes, other than those made on Page No. 55 (Line 7), Page No. 174 (Line 11),

and Page No. 176 (Line 23), shall be stricken.

**IT IS SO ORDERED**.

Dated: 5/16/16

Judge Susan J. Dlott
United States District Court

5